DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTIANA TRUST,** a Division of Wilmington
Savings Fund Society, FSB, as Trustee for Normandy
Mortgage Loan Trust, Series 2013-18,
Appellant,

v.

**SANDRA RUSHLOW,**
Appellee.

No. 4D16-1898

[August 23, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562013CA002080.

Thomas Wade Young and Joseph B. Towne of Lender Legal Services, LLC, Orlando, for appellant.

Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and W. Trent Steele of Steele Law, Hobe Sound, for appellee.

**ON MOTIONS FOR REHEARING AND CLARIFICATION**

CONNER, J.

We grant the appellant's motions for rehearing and clarification filed on June 26, 2017, vacate our previous order denying appellant's "alternative motions for rehearing, for a written opinion, or for rehearing *en banc*," vacate the *per curiam* affirmance without opinion issued March 20, 2017, and substitute the following opinion.

The appellant appeals the trial court's final judgment and orders granting the appellee's motion for attorney's fees subsequent to the involuntary dismissal of the foreclosure proceeding after trial. The trial court dismissed the case for multiple reasons, one of which was lack of standing, both at the initiation of suit and at trial. The appellee sought and was awarded fees at the trial level on the basis of the attorney's fees clause in the mortgage granting fees to the appellee if successful in an

action to enforce the mortgage and the reciprocal provision of section 57.105(7), Florida Statutes (2015).

As we recently held in *Nationstar Mortgage, LLC v. Glass*, No. 4D15-4561, –– So. 3d ––––, 2017 WL 2664696 (Fla. 4th DCA June 21, 2017) (en banc), "[a] party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract." *Id.* at *2. Thus, we reverse the trial court's final judgment and orders awarding trial attorney's fees to the appellee. Upon remand, the trial court shall vacate the final judgment and orders awarding trial attorney's fees and enter an order denying appellee's motion for attorney's fees.

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***